UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| POWER THE FUTURE<br>611 Pennsylvania Avenue, SE<br>Suite No. 183<br>Washington, DC 20003<br><br>                Plaintiff,<br>v.<br><br>U.S. ENVIRONMENTAL PROTECTION AGENCY<br>1200 Pennsylvania Avenue NW<br>Mail Code 2310A<br>Washington, DC 20460<br><br>                Defendant. | Case No. 23-cv-2380 |

## COMPLAINT UNDER THE FREEDOM OF INFORMATION ACT

Plaintiff POWER THE FUTURE ("PTF"), for its complaint against Defendant U.S. ENVIRONMENTAL PROTECTION AGENCY ("USEPA"), alleges as follows:

1. This is an action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, *et seq*. for declaratory, injunctive, and other relief, seeking immediate processing and release of agency records responsive to one FOIA request.

2. This action is filed following the USEPA's failure to comply with the express terms of FOIA, by over-redacting a particular record of great public interest that was responsive to the request at issue, which withholdings Plaintiff has already administratively appealed.

3. Notwithstanding Plaintiff's timely and proper administrative appeal, USEPA has failed to provide the Plaintiff with the record it seeks.

## PARTIES

4. Plaintiff Power the Future is a non-profit organization incorporated in the State of Delaware dedicated to "disseminating research, sharing facts and truths, engaging at the local level and interacting with the media," specifically relating to energy and environmental public policy.

5. Defendant Environmental Protection Agency is a federal agency headquartered in Washington, DC.

## JURISDICTION AND VENUE

6. This Court has jurisdiction pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.

7. Venue is proper in this Court under 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391(e).

8. Plaintiff is not required to further pursue administrative remedies before seeking relief in this Court because Defendant is withholding public information and Plaintiff has already exhausted its administrative remedies.

## PLAINTIFF'S FOIA REQUEST

9. On April 20, 2023, Plaintiff submitted by internet portal a request to Defendant seeking copies of certain described email correspondence of three named USEPA Region X political appointees that uses one or more of six named email domains of environmentalist pressure groups.

10. USEPA acknowledged the Plaintiff's request on April 21, 2023, and assigned it tracking number EPA-R10-2023-003843.

11. On April 24, 2023, Plaintiff clarified that it sought records for the individual(s) holding two particular positions within USEPA over the covered period of time, regardless of the individual's name.

12. On May 15, 2023, USEPA claimed that "unusual circumstances" prevented it from responding to Plaintiff's request, and claimed its statutory extension of time.

13. By letter dated June 5, 2023, Defendant released some records responsive to the request at issue, withholding certain information pursuant to FOIA exemptions 5 and 6.

14. On June 16, 2023, requester/Plaintiff PTF filed an administrative appeal challenging withholdings of information under exemption 5 in two (2) records.

15. By letter dated July 19, 2023, Defendant responded to the appeal by releasing one of the records in full but maintaining numerous redactions in record identified as ED_014329_00000063, attached as Exhibit A to this Complaint, as purported deliberative process information and claiming that the material is "pre-decisional, deliberative, and would cause foreseeable harm if disclosed."

16. This record is of particular and immense public interest, in that it expressly responds to a letter to a senior USEPA official, Joe Goffman, seeking to pretextually use a program designed to improve visibility in and around national parks, called "regional haze," as a backdoor means of regulating greenhouse gases by reducing activity in or closing targeted regulated facilities.

17. Plaintiff seeks *in camera* review by this Court of the withholdings in this single record, in this context, specifically the context of the attachment to the email titled "NPCAetalLtrtoGoffman100722Final.pdf", attached as Exhibit B to this Complaint, and the United States Supreme Court's ruling in *West Virginia v. EPA,* 597 U.S. ___ , WL 2347278; 2022 U.S. LEXIS 3268 (June 30, 2022).

18. On information and belief, the record is not properly exempt from disclosure and no harm cognizable under the Freedom of Information Act will arise if it is released to Plaintiff.

3

## FIRST CLAIM FOR RELIEF

19. Plaintiff restates and incorporates by reference each of the foregoing paragraphs as if fully set forth herein.

20. Plaintiff has sought and been denied production of responsive information reflecting the conduct of official business.

21. Plaintiff has a statutory right to the information it seeks, and Defendant has unlawfully withheld the information.

22. Plaintiff is not required to further pursue administrative remedies.

23. Plaintiff asks this Court to enter a judgment declaring that:

    a. Plaintiff is entitled to the information responsive to its FOIA request described above, but Defendant has failed to provide the information;

    b. USEPA's processing of Plaintiff's FOIA request described above is not in accordance with the law, and does not satisfy USEPA's obligations under FOIA;

    c. USEPA must now produce information responsive to Plaintiff's request, and must do so without cost to the Plaintiff.

## SECOND CLAIM FOR RELIEF

24. Plaintiff restates and incorporates by reference each of the foregoing paragraphs as if fully set forth herein.

25. Plaintiff is entitled to injunctive relief compelling Defendant to produce the information responsive to the FOIA request described herein.

26. Plaintiff asks the Court to enter an injunction or other appropriate order requiring Defendant to produce to Plaintiff, within 20 business days of the date of the order, the requested information sought in Plaintiff's FOIA request described above, at no cost to the Plaintiff.

27. Plaintiff asks the Court to order the Parties to consult regarding withheld information and to file a status report to the Court within 30 days of Defendant's filing of an Answer in this case, which shall address Defendant's preparation of a *Vaughn* log and a briefing schedule for resolution of remaining issues associated with Plaintiff's challenges to USEPA's withholdings, and any other remaining issues.

### THIRD CLAIM FOR RELIEF

28. Plaintiff restates and incorporates by reference each of the foregoing paragraphs as if fully set forth herein.

29. Pursuant to 5 U.S.C. § 552(a)(4)(E), the Court may assess against the United States reasonable attorney fees and other litigation costs reasonably incurred in any case under this section in which the complainant has substantially prevailed.

30. This Court should enter an injunction or other appropriate order requiring the Defendant to pay reasonable attorney's fees and other litigation costs reasonably incurred in this case.

### PRAYER FOR RELIEF

Plaintiff respectfully requests this Court:

1. Assume jurisdiction in this matter, and maintain jurisdiction until the Defendant complies with FOIA and every order of this Court;

2. Declare Defendant has violated FOIA by failing to provide Plaintiff with the requested information;

3. Declare that the information sought by the request, as described in the foregoing paragraphs, is public information under 5 U.S.C. § 552 *et seq*. and must be disclosed;

4. Order Defendant to expeditiously provide the requested information to Plaintiff within 10 business days of the Court's order and without cost to the Plaintiff;

5. Award Plaintiff's attorneys their fees and other litigation costs reasonably incurred pursuant to 5 U.S.C. § 552(a)(4)(E); and

6. Grant such other relief as this Court deems just and proper.

Respectfully submitted this the 16th day of August 2023,

> POWER THE FUTURE
> By Counsel:
>
> /s/Matthew D. Hardin
> Matthew D. Hardin, D.C. Bar No. 1032711
> Hardin Law Office
> 1725 I Street NW, Suite 300
> Washington, DC 20006
> Phone: (202) 802-1948
> Email: MatthewDHardin@protonmail.com
>
> /s/Christopher Horner
> Christopher Horner, D.C. Bar No. 440107
> 1725 I Street NW, Suite 300
> Washington, DC 20006
> Phone: (202) 262-4458
> Email: Chris@CHornerLaw.com